**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**JAMES ELVIS LOVETT,**

        **Plaintiff,**

**-vs-**                                            **Case No. 6:10-cv-1869-Orl-19DAB**

**COMMISSIONER OF SOCIAL
SECURITY,**

        **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

The Plaintiff brings this action pursuant to the Social Security Act (the Act), as amended, Title 42 United States Code Section 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the Commissioner) denying his claim for Supplemental Security Income (SSI) benefits under the Act.

The record has been reviewed, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case. Oral argument has not been requested.

For the reasons that follow, the decision of the Commissioner is **affirmed.**

## I.    BACKGROUND

### A.    Procedural History

Plaintiff filed for SSI benefits on May 16, 2007. R. 113-23. He alleged an onset of disability on May 7, 2007, due to arthritis in his knees. R. 11, 15, 113-23, 155. His application was denied initially and upon reconsideration. R. 49-54, 57-59, 65-67. Plaintiff requested a hearing, which was

held on October 21, 2009, before Administrative Law Judge William H. Greer (hereinafter referred to as "ALJ"). R. 27-48. In a decision dated November 12, 2009, the ALJ found Plaintiff not disabled as defined under the Act through the date of his decision. R. 12-26. Plaintiff timely filed a Request for Review of the ALJ's decision, which the Appeals Council denied on October 15, 2010. R. 1-4. Plaintiff filed this action for judicial review on December 13, 2010. Doc. 1.

    **B.**    **Medical History and Findings Summary**

Plaintiff alleged disability beginning May 1, 2007 when he was age 50; he was age 52 when the ALJ issued his decision. R. 113. Plaintiff has a ninth or tenth grade education, can read and write simple things, and has worked in the past as a construction laborer and garbage collector. R. 30-31, 40-41, 140-146, 154, 159.

Plaintiff's medical history is set forth in detail in the ALJ's decision. Plaintiff complained of arthritis in his knees. R. 155. After reviewing Plaintiff's medical records and Plaintiff's testimony, the ALJ found that Plaintiff suffered from osteoarthritis of the knees, which was a "severe" medically determinable impairment, but was not an impairment severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. R. 17. The ALJ determined that Plaintiff retained the residual functional capacity (RFC) to perform a reduced range of light work. In making this determination, the ALJ found that Plaintiff's allegations concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent they were inconsistent with the RFC for the reasons set forth in the body of the decision. R. 20. Based upon Plaintiff's RFC, the ALJ determined that he could not perform past relevant work. R. 20. Considering Plaintiff's vocational profile and RFC, the ALJ applied the Medical-Vocational Guidelines (the grids), 20 C.F.R. Pt. 404, Subpt. P, App. 2, and, based on the testimony of the vocational expert ("VE"), the ALJ concluded that Plaintiff could perform work existing in significant numbers in the national economy

as a warehouse checker, assemble of small products, and a ticketer. R. 22. Accordingly, the ALJ determined that Plaintiff was not under a disability, as defined in the Act, at any time through the date of the decision. R. 22.

Plaintiff now asserts two points of error and requests a reversal for an award of benefits. First, he argues that the ALJ erred by improperly applying the pain standard and in evaluating his credibility. Second, he claims the ALJ erred by improperly applying the Grids. For the reasons that follow, the decision of the Commissioner is **AFFIRMED**.

## II. STANDARD OF REVIEW

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401).

"If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" *Id.* (internal quotation and citation omitted). *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v.*

*Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520©. Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent his from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering his residual functional capacity, age, education, and past work) prevent his from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f).

## III.   ISSUES AND ANALYSIS

### A.   Medical-Vocational Rule 201.9

Plaintiff argues that the ALJ should not have found him able to perform any other work in the national economy because one of the Medical-Vocational Rules – applicable to sedentary work – would require the ALJ to find Plaintiff disabled, and his case should be reversed with an award of benefits on remand. The Commissioner argues that the ALJ was not required to rely exclusively on the Medical-Vocational Rule 201.9 applicable to sedentary work, but properly posed a hypothetical question to the VE, which was substantial evidence on which the ALJ was entitled to rely in finding that Plaintiff could perform other work in the national economy.

Residual functional capacity is an assessment based on all relevant evidence of a claimant's remaining ability to do work despite his impairments. 20 C.F.R. § 404.1545(a); *Lewis v. Callahan*,

125 F.3d 1436,1440 (11th Cir. 1997). Once the ALJ finds that a claimant cannot return to his prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy. *Foote v. Chater*, 67 F.3d 1553 (11th Cir. 1995). In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). This burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines [the "grids"]. *Foote*, 67 F.3d at 1558. Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant non-exertional factors. 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(e); *Foote*, 67 F.3d at 1559; *Heckler v. Campbell*, 461 U.S. 458 (1983) (exclusive reliance on the grids is appropriate in cases involving only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements).

Exclusive reliance is not appropriate "either when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills." *Walter v. Bowen*, 826 F.2d 996, 1002-3 (11th Cir. 1987). In almost all of such cases, the Commissioner's burden can be met only through the use of a vocational expert. *Foote*, 67 F.3d at 1559. It is only when the claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy.

Plaintiff argues that the ALJ should have found Plaintiff disabled based on Medical-Vocational Rule 201.9, which applies to sedentary work. Plaintiff first contends that the ALJ erred in determining that he was able to perform the jobs that the VE identified because these jobs, in being classified as light work (rather than sedentary work) require frequent standing and walking which Plaintiff contends

he is incapable of doing. *See* SSR 83-10, 1985 WL 31251 (defining "frequent" as up to 6 hours of standing and walking)[1]. Second, Plaintiff argues that the ALJ did not apply the correct Medical-Vocational Rule for sedentary work (Rule 201.9) or even consider whether it applied to his case, but instead considered Medical-Vocational Rule 202.10, which applies to light work. Plaintiff contends that Rule 202.10 does not apply because the ALJ found that Plaintiff could *not* stand for six hours out of an eight-hour workday, thus he was incapable of light work which requires the ability to stand for six hours out of an eight-hour workday. R. 18. The Commissioner argues that the ALJ properly posed a hypothetical question to the VE which assumed a person with Plaintiff's relevant vocational characteristics and the ability to perform work within Plaintiff's RFC.

Plaintiff's first argument is based on a flawed proposition – the ALJ determined that Plaintiff could perform a reduced range of *light work* – not sedentary work. The ALJ determined that Plaintiff could perform the demands of light work with additional postural, exertional, and non-exertional limitations; in that he can sit for seven hours in the course of an eight hour day, but would need the option to stand up for short periods (one to two minutes) once per hour; he is able to stand for four hours total in an eight hour day, but for only twenty minutes at a time; he requires a cane to ambulate for distances greater than twenty five feet; he cannot lift and/or carry weights greater than ten pounds when using his cane, but normally can lift and/or carry ten pounds frequently and twenty pounds occasionally; he can only occasionally bend, stoop, or climb stairs, and can never crawl, crouch, kneel, or climb ladders, ropes or scaffold; he cannot work around unprotected heights and cannot use foot controls; and though he has a ninth grade education, he is limited to reading and writing on a third grade level. R. 18. Because Plaintiff could perform light work (even at a reduced range) the ALJ was not required to consider the Medical Vocational Rules for sedentary work.

---

[1]*See also* http://www.ssa.gov/OP_Home/rulings/di/10/SSR83-10p-di-10.html.

Plaintiff's second argument is also flawed in that the ALJ could not simply rely on the grids because Plaintiff's ability to perform light work was limited by non-exertional requirements (R. 19-20), the ALJ could not exclusively rely on the Medical-Vocational Rules (or grids) but was required to obtain the opinion of a vocational expert. The ALJ asked the VE to assume a hypothetical person who could read and write at the third grade level, sit seven hours if allowed to rise for one or two minutes per hour, and stand or walk, using a cane for distances beyond 25 feet, for twenty minutes at a time, for four total hours. R. 42. Consistent with Plaintiff's RFC, the ALJ also included limitations in the hypothetical that the person could lift up to 20 pounds occasionally and 10 pounds frequently, but only 10 pounds if using a cane, occasionally climb stairs but never ladders, ropes or scaffolds, and could not crouch, kneel, work around unprotected heights, or use foot controls. R. 42-43. In response, the VE identified the unskilled light jobs of warehouse checker (13,000 positions nationally), small products assembler (111,000 positions nationally), and ticketer (23,000 positions nationally). R. 43. The ALJ properly included all of Plaintiff's limitations in the ALJ's question to the VE, Although Plaintiff argues that the non-exertional limitations would not change the result (citing Social Security Ruling 83-14[2]) his argument is based on the flawed premise that Plaintiff was only capable of sedentary work rather than light work with certain limitations.

The ALJ properly relied on the VE's testimony to find that Plaintiff could perform other work in the national economy at the light work level with certain specified restrictions included in the hypothetical, and therefore, he was not disabled. R. 21-22. The ALJ's decision was based on substantial evidence.

---

[2]"Where a person's residual functional capacity (RFC), age, education, and work experience coincide with the criteria of an exertionally based rule in Table No. 1, 2, or 3–and that rule directs a conclusion of 'Disabled'– there is no need to consider the additional effects of a non-exertional impairment since consideration of it would add nothing to the fact of disability." Social Security Ruling 83-14.

**B.    Plaintiff's credibility.**

Plaintiff asserts that the ALJ erred in evaluating Plaintiff's pain and credibility regarding his limitations. He argues that the ALJ erred by finding his impairments could reasonably be expected to cause the alleged symptoms, but that his statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent they were inconsistent with the determined RFC assessment. He contends that the medical record and examinations demonstrate his credibility and that the ALJ failed to provide adequate and specific reasons for discrediting his complaints.

Although the ALJ did not refer to the Eleventh Circuit's pain standard as such, he clearly was aware of the governing standards for evaluating subjective complaints because he cited the applicable regulations and Social Security Rulings ("SSR") 96-4p and 96-7p. R. 18. *See Wilson v. Barnhart*, 284 F.3d 1219, 1225-26 (11th Cir. 2002) (per curiam) (ALJ properly applied the Eleventh Circuit pain standard even though he did not "cite or refer to the language of the three-part test" as "his findings and discussion indicate that the standard was applied"). The ALJ complied with the standards set forth in the regulations and the SSR. He first determined that Plaintiff had an objective medical condition that could give rise to the alleged symptoms, because otherwise the ALJ would not be required to assess the credibility of the alleged complaints.

In discussing Plaintiff's RFC, the ALJ first summarized Plaintiff's testimony from the hearing as:

> He indicated that he was unable to work because of his knees and testified that he had been told by Dr. Reddy that he needed to have a knee replacement. The claimant reported that he experienced swelling and pain with walking and that, in addition to the problems noted above, that he would get fluid build up in his knees. He testified that his doctors treated his knee complaints with medication and had told him that he should elevate his leg. The claimant indicated that his left leg "popped" while he walked and

that he believed that this was his worse leg, though in the record he had generally complained that his right knee was consistently his worse knee.

As for limitations and problems arising from this condition, the claimant testified that he sometimes stumbled because of his knee problems and used a cane for walking more than short distances. He reported that he had no problems sitting, so long as he could get up and move around periodically. As for standing, the claimant could not say how long he could stand or walk testifying that he tried to avoid these activities as much as possible. When asked about lifting, the claimant indicated his doctors had advised against lifting, but he admitted he could lift light objects. It was noted by the undersigned, that the claimant had been prescribed Darvocet to be used as needed. The claimant reported that this was correct, and that on average he took one pill every other day.

R. 19.

Having concluded that he had to make a credibility determination of Plaintiff's subjective complaints, the ALJ plainly recognized that he had to articulate a reasonable basis for his determination. In determining the credibility of Plaintiff's subjective complaints, the ALJ stated:

In terms of the claimant's alleged limitations, the record does confirm that the claimant has long developing problems related to osteoarthritis, and that he has received fairly regular, if fairly conservative treatment for this condition. However there is no record that he has been told he will require a knee replacement, and there is not even a record of a surgical consultation. And while there are records that the claimant has on occasion received direct Xylocaine injections to his knees, there is no record of fluid build up be[ing] found or being drained, and there is no record that the claimant is medically required to elevate his legs.

However, this is not to say that the claimant does not operate under restrictions. Dr. Reddy's records confirm that the claimant has been prescribed a cane, and Dr. Lower's examination confirms that the claimant should operate in a restricted range of light exertion work, as noted in his report. As Dr. Reddy is the claimant's treating physician, her opinion that the claimant requires a cane is given great weight. Her records do not offer any other specific limitations, so in regards to the claimant's remaining limitations, the report of Dr. Lower is given great weight, as he is an impartial physician, who performed his examination for the express purpose of determining the claimant's specific functional limitations.

When the record as a whole is considered, it is realistic to limit the claimant to a range of light work with additional postural, exertional, and non-exertional limitations, as noted above. However no limitations beyond those are reasonably supported.

R. 20.

When an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Jones v. Dep't of Health and Human Servs.*, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote*, 67 F.3d at 1561-62; *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988).

Plaintiff focuses on general examination findings that report he had knee problems: popping, crepitus, questionable loose bodies, irregularities, and lack of flexion (Doc. 15 at 10). The ALJ gave some credence to Plaintiff's complaints of knee pain and recognized he had "long developing problems related to osteoarthritis" and had received "fairly regular, if fairly conservative treatment for this condition." R. 20. However, the ALJ offered specific reasons for discrediting Plaintiff's subjective complaints and pointed out that Plaintiff's hearing testimony about his limitations was not supported by the record. Specifically, the ALJ found that there were no records that Plaintiff had been told he required a knee replacement or of a surgical consultation; there was no record of fluid build up or drainage being required for his knees; and there was no record of a medical requirement to elevate his legs. R. 20. Plaintiff apparently argues that once the ALJ finds a claimant satisfies the pain standard, even on a partially credible level as the ALJ did in this case, the ALJ cannot "go on to disregard his testimony." Doc. 15 at 11.

Plaintiff contends that the ALJ cannot consider his credibility at the hearing in determining whether Plaintiff is disabled. Doc. 15 at 12. In this case, the ALJ properly pointed out inconsistencies between Plaintiff's limitations and the restrictions opined by Plaintiff's treating physician, Dr. Reddy, and the consulting physician, Dr. Lower. As the ALJ stated, Dr. Reddy's records indicated only that

-10-

Plaintiff needed to use a cane (which the ALJ accepted as a limitation) and did not offer any other specific limitations. R. 20. Dr. Lower opined that Plaintiff could do a restricted range of light exertion work, which the ALJ also adopted in the RFC. R. 20. The ALJ properly considered these physicians' opinions and medical records in determining Plaintiff's limitations; these are factors the ALJ is directed to consider. *See* 20 C.F.R. §§ 404.1529; 416.929. Therefore, the ALJ's reasons are supported by substantial evidence.

## IV. CONCLUSION

The record in this case shows that Plaintiff's health is compromised to some degree. The ALJ appropriately considered the circumstances and analyzed them in relation to the exacting disability standard under the Social Security Act. For the reasons set forth above, the ALJ's decision is consistent with the requirements of law and is supported by substantial evidence. Accordingly, it si respectfully **RECOMMENDED** that the Commissioner's decision be affirmed pursuant to sentence four of 42 U.S.C. § 405(g) and the Clerk of the Court be directed to enter judgment consistent with this opinion and, thereafter, close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 11, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy